**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| DAVID JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-5076-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff David Jordan's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of obesity, osteoarthritis, degenerative joint disease, and anxiety, but he retained the residual functional capacity ("RFC") to work as a weight tester, dowel inspector, and printed circuit board taper.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on October 28, 2015, alleging a disability onset date of July 12, 2015. The Commissioner denied the applications at the initial claim level, and Plaintiff

appealed the denial to an ALJ.  The ALJ held a hearing and, on December 26, 2017, issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on June 25, 2018, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016).  Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).  Through Step Four of the analysis the claimant bears the

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four when he wrote that he gave the opinion of her psychologist, Dr. Jennifer Alberty, Psy. D., "great weight" but then did not include all the mental limitations the doctor suggested in the RFC. This argument is without merit.

The determination of a claimant's RFC in an administrative hearing is the ALJ's responsibility. 20 C.F.R. §§ 404.1546(c); 416.946(c). The RFC determination is based on the record as a whole and does not have to rely on a particular physician's opinion. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."); *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (noting the RFC is based on "all relevant evidence").

In this case, the ALJ did not, as Plaintiff suggests, accept all of Dr. Alberty's opinions. Rather, the ALJ accepted them to the extent they were consistent with her examination results, which the ALJ found supported mild to moderate limitations only on Plaintiff's understanding, memory, concentration, social interaction, and adaption. While the ALJ could have made this explanation more clear, it is sufficient, and most importantly, supported by the record.

The ALJ wrote that mild to moderate mental limitations were consistent with Dr. Alberty's examinations showing all of Plaintiff's areas of mental functioning to be within normal limits. R. 37-40. These findings are supported by the record. For example, Dr. Alberty's December 2015 examination notes indicate Plaintiff arrived on time and transported himself; he was cooperative;

---

burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

he displayed adequate hygiene; and he had no difficulty maintaining eye contact. R. at 390. His mood was predominately euthymic; he denied difficulty with his temper; he was not actively psychotic; and his speech was normal. R. at 390. Dr. Alberty's notes do not reflect any marked mental limitations. Examination notes from subsequent appointments also showed that Plaintiff's appearance, motor, speech, affect, and mood were all within normal limits, and he had logical thoughts and displayed an appropriate demeanor. R. at 387, 389, 503-04.

The ALJ's view of Dr. Alberty's notes is buttressed by the opinion of Charles Watson, Psy.D., the reviewing psychologist. Dr. Watson opined that Plaintiff's ability to carry our very short and simple instructions and perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, make simple work-related decisions, and complete a normal workday and workweek without interruptions from psychologically based symptoms was not significantly limited. R. at 103-04. Additionally, Plaintiff's ability to maintain attention and concentration for extended periods and work in coordination with or proximity to others without being distracted by them was only moderately limited, as was his ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. R. at 103-04. Dr. Watson concluded that Plaintiff could acquire and retain simple instructions and sustain concentration and persistence with simple repetitive tasks in a socially restricted work environment. R. at 105.

Finally, the Court observes that Dr. Alberty's notes report that Plaintiff stated his physical difficulties kept him from working, and that although he had panic attacks, he could work if he took his medication. R. at 392, 396. It is well-settled that if an impairment can be controlled by treatment or medication, or is amenable to treatment, it does not support a finding of disability. *Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014).

Consequently, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   May 15, 2019          /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT